**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SECURITY BENEFIT LIFE INSURANCE COMPANY,**<br>**Interpleader Plaintiff**<br><br>**VERSUS**<br><br>**ROYCIE BERNARD and JAYNE BATES,**<br>**Interpleader Defendants** | **CASE NO.**<br><br>**JUDGE:**<br><br>**MAGISTRATE:** |

**SECURITY BENEFIT LIFE INSURANCE COMPANY'S**
**COMPLAINT FOR INTERPLEADER**

Interpleader Plaintiff, SECURITY BENEFIT LIFE INSURANCE COMPANY ("**SBLIC**"), files this Complaint for Interpleader against ROYCIE BERNARD and JAYNE BATES (collectively, the "**Interpleader Defendant(s)**"). In support of this Complaint for Interpleader, SBLIC respectfully submits the following facts:

## NATURE OF ACTION

1. This is an action for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §1332 to determine the proper ownership, transfer and/or distribution of, and Interpleader Defendants' entitlement to, annuity death benefit proceeds held by Interpleader Plaintiff, SBLIC.

2. Interpleader Defendants, Roycie Bernard and Jayne Bates, each claim to be the rightful beneficiary to the Annuity held by Clarence J. Alexander (deceased) and its death benefit proceeds, as further detailed herein.

3. This interpleader action is necessary because Interpleader Defendants both claim to be the beneficiary of the Annuity death benefit proceeds currently held by disinterested

Interpleader Plaintiff, SBLIC, which potentially exposes SBLIC to multiple liabilities, as further detailed herein.

## PARTIES

4. Interpleader Plaintiff, SBLIC is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business located in Topeka, Kansas. Accordingly, SBLIC is a citizen of the State of Kansas pursuant to 28 U.S.C. §1332.

5. Interpleader Defendant, ROYCIE BERNARD, upon information and belief, is an adult individual who is a citizen of the State of Louisiana and residing at the address: 4848 Windsor Village #71, Baton Rouge, Louisiana 70817. Accordingly, Roycie Bernard is a citizen of the State of Louisiana pursuant to 28 U.S.C. §1332.

6. Interpleader Defendant, JAYNE BATES, upon information and belief, is an adult individual who is a citizen of the State of Louisiana and residing at the address: 36342 Toulouse St., Prairieville, Louisiana 70769. Accordingly, Jayne Bates is a citizen of the State of Louisiana pursuant to 28 U.S.C. §1332.

## JURISDICTION AND VENUE

7. This action is appropriate under Rule 22 of the Federal Rules of Civil Procedure. This Court has original jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332 because SBLIC and Interpleader Defendants are completely diverse from one another, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as the value of the Annuity death benefit proceeds at issue as of the filing of this Complaint is approximately $170,000.00 (the "**Annuity Proceeds**"), as further detailed herein.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because one or more of the Interpleader Defendants reside in this District.

## NATURE OF THE COMPETING CLAIMS

9. On or about October 4, 2016, SBLIC issued an annuity policy bearing number 7003253195 in the amount of $170,000.00 (the "**Annuity**"), to Clarence J. Alexander ("**Mr. Alexander**"). At the time of issuance of the Annuity, Mr. Alexander designated his friend, Roycie Bernard, as the sole beneficiary of the Annuity. A true and correct copy of the Annuity policy is attached hereto as **Exhibit A**.

10. Mr. Alexander purportedly signed an Annuity Contract Non-Financial Change form (the "**First Beneficiary Change Form**") dated June 30, 2021, requesting to change the sole beneficiary designation to Interpleader Defendant, Jayne Bates, who, upon information and belief, is Mr. Alexander's daughter. SBLIC received and processed the First Beneficiary Change Form on or about July 1, 2021. A true and correct copy of the First Beneficiary Change Form is attached hereto as **Exhibit B**.

11. In a letter to SBLIC dated August 3, 2021, an attorney representing Interpleader Defendant, Roycie Bernard asserted that (i) Roycie Bernard was appointed as Mr. Alexander's Attorney-In-Fact pursuant to a Power of Attorney dated February 27, 2018; and (ii) further requested that the sole beneficiary designation of the Annuity be changed back to Roycie Bernard. The letter included, among other things, an Annuity Contract Non-Financial Change form (the "**Second Beneficiary Change Form**") dated July 27, 2021, requesting that the sole beneficiary designation of the Annuity be changed back to Roycie Bernard. A true and correct copy of the August 3, 2021 letter from attorney, O'Neil J. Parenton, Jr. to SBLIC and the Second Beneficiary Change Form are attached hereto as **Exhibit C**.

12. Mr. Alexander died on or about August 11, 2021 in Prairieville, Louisiana.

13. On or about August 23, 2021, Interpleader Defendant, Roycie Bernard contacted SBLIC and asserted that although Mr. Alexander signed documents to change the Annuity beneficiary to Jayne Bates, he was not "in his right mind," and that SBLIC should change the sole beneficiary designation back to Roycie Bernard.

14. On or about August 24, 2021, a female called SBLIC posing as Clarence J. Alexander (after he died). Security protocols were not passed so the caller either hung up or was told that the call could not proceed.

15. SBLIC noted that the signature on the First Beneficiary Change Form did not match previous signatures.

16. On or about September 2, 2021, Interpleader Defendant, Jayne Bates submitted an Annuity Contract Proof of Death form (the "**Proof of Death**") to SBLIC claiming entitlement to the Annuity Proceeds and requesting distribution to her bank account. A true and correct copy of the Proof of Death is attached hereto as **Exhibit D**.

17. By letter dated September 13, 2021, SBLIC notified Interpleader Defendants of their conflicting claims to the Annuity Proceeds. The letter further notified the Interpleader Defendants that an interpleader action would be initiated if they failed to submit separate notarized statements stating the determination as to the correct beneficiary within thirty (30) days of the date of the letter. A true and correct copy of the September 13, 2021 letter to Interpleader Defendants is attached hereto as **Exhibit E**.

18. SBLIC never received a response or notarized statements from the Interpleader Defendants evidencing resolution of their conflicting claims as to the true beneficiary of the Annuity Proceeds.

19. To date, the Interpleader Defendants have not resolved their conflicting claims, and both are continuing to assert claims to the Annuity Proceeds.

20. Due to the foregoing conflicting claims, SBLIC cannot determine the proper beneficiary of the Annuity Proceeds without exposing itself to multiple liabilities.

21. Upon information and belief, Clarence J. Alexander has at least four (4) children. However, Jayne Bates is the only child claiming ownership of the Annuity Proceeds.

## COMPLAINT FOR INTERPLEADER RELIEF

22. Paragraphs 1-21 are incorporated herein by reference.

23. Interpleader Plaintiff, SBLIC, upon information and belief, alleges that as of the filing of this Complaint, no agreement has been entered into among the Interpleader Defendants resolving their conflicting claims to the Annuity Proceeds.

24. Under the terms of the Annuity, SBLIC is obligated to pay the Annuity Proceeds if the owner requests payout of the value of the Annuity, subject to the terms and limitations of the Annuity.

25. SBLIC acknowledges liability for payment of the Annuity Proceeds in accordance with the Annuity terms, and is and always has been ready, willing and able to pay out the value of the Annuity Proceeds (less any mandatory deductions) according to the Annuity terms, upon the Annuity owner's request. However, SBLIC may be exposed to multiple liabilities due to the conflicting claims unless the Interpleader Defendants are required to interplead their claims to the Annuity and the Annuity Proceeds.

26. As a mere disinterested stakeholder, SBLIC claims no interest in the Annuity Proceeds.

27. SBLIC respectfully requests this Court determine who the proper owner of the Annuity is and, accordingly, to whom the Annuity Proceeds should be paid.

28. SBLIC is ready, willing, and fully prepared to deposit the Annuity Proceeds into the registry of the Court for disbursement to one or more of the Interpleader Defendants, in accordance with this Court's judgment.

29. SBLIC has incurred, and will continue to incur, attorneys' fees and costs in connection with these proceedings.

30. SBLIC files this interpleader action in good faith and without any fraud or collusion with any of the Interpleader Defendants.

31. The value of the Annuity Proceeds as of the filing of this Complaint is approximately $170,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Interpleader Plaintiff, Security Benefit Life Insurance Company, respectfully requests that this Court enter judgment in its favor and against the Interpleader Defendants, ROYCIE BERNARD and JAYNE BATES, as follows:

i. Directing, pursuant to 28 U.S.C. § 2361, service of this Interpleader Complaint on the Interpleader Defendants;

ii. Enjoining, pursuant to 28 U.S.C. § 2361, the Interpleader Defendants from instituting or prosecuting any proceedings in any state or United States court affecting the Annuity and/or the Annuity Proceeds;

iii. Requiring the Interpleader Defendants to fully and finally litigate their claims between themselves for the Annuity Proceeds;

iv. Requiring that the Interpleader Defendants settle and adjust between themselves, or upon their failure to do so, request this Court settle and adjust the claims and determine who the Annuity proceeds should be transferred and/or distributed;

v. Entering an Order permitting SBLIC to deposit the Annuity Proceeds into the registry of this Court;

vi. Entering an Order discharging SBLIC from any and all further liability to Interpleader Defendants;

vii. Awarding SBLIC its costs, expenses, and attorneys' fees made necessary by this interpleader action;

viii. Entering an Order permitting SBLIC to deduct its costs, expenses, and attorneys' fees from the sum deposited with the Court or from any payments directed by the final judgment of the Court; and

ix. Granting such other and further relief that this Court deems just and proper.

Dated: February 4, 2022

Respectfully submitted,

**HINSHAW & CULBERTSON, LLP**

*/s/ Trevor C. Mosby*

Trevor C. Mosby (LSBA No. 38618)
400 Poydras Street, Suite 3150
New Orleans, LA 70130
Phone: 504-904-8069 | Fax: 504-910-3090
Email: tmosby@hinshawlaw.com

Lexi T. Holinga (LSBA No. 30096)
**HINSHAW & CULBERTSON, LLP**
301 N. Main Street, Suite 2200
Baton Rouge, LA 70825
Phone: 225-333-3244 | Fax: 504-617-6398
Email: lholinga@hinshawlaw.com

**COUNSEL FOR PLAINTIFF, SECURITY BENEFIT LIFE INSURANCE COMPANY**